
6-5-936



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5936

Re: Classification of the wife
of a decedent's stepson for
inheritance tax purposes

We have received and considered your request for opin-
ion dated June 22, 1944. We quote therefrom as follows:

"John Saunders Richards died on April 20,
1943, a resident of Harris County, seized and
possessed of a net taxable estate of $110,000.00.
Under the terms of the last will and testament
of the deceased, the decedent devised to his
stepdaughter-in-law, or the wife of his stepson,
property having a value of $18,000.00.

"We are confronted with the proper exemption
allowed this class of beneficiary. We wish to be
advised whether to apply the exemption allowed
under the provisions of Article 7118 or Article
7122, Revised Civil Statutes of 1925."

Article 7117, V. A. C. S., subjects all property passing
by will or by the laws of descent and distribution to an inheritance
tax in accordance with the classification set out in Articles 7118
to 7122.

So far as pertinent to your inquiry, Article 7118 reads as
follows:

"If passing to or for the use of husband or wife,
or any direct lineal descendant of husband or wife, or
any direct lineal descendant of the decedent, or to
legally adopted child or children, or any direct lineal
descendent of adopted child or children of the decedent,

Honorable Geo. H. Sheppard, p. 2

or to the husband of a daughter, or the wife of a son,
the tax shall be one (1) per cent on any value in
excess of Twenty-five Thousand Dollars (\$25,000), and
not in excess of Fifty Thousand Dollars (\$50,000). . . ."

The underscored portion of this article was added by Acts
1935, 44th Leg., p. 922, Ch. 386, Sec. 1. The title of this amend-
ing act is, "An Act amending Article 7118. . . by adding to the
class exempted and taxed under class 'A' therein, stepchildren of
the decedent, and their direct descendants and the direct descendants
of adopted children. . . ." (Emphasis ours).

The emergency clause of this amendment recites:

"The fact that the exemption and reduced rate
of taxation as to stepchildren and the direct lineal
descendants of adopted and stepchildren was omitted
from the original Act, and that such condition is an
injustice toward stepchildren and their descendants,
. . . have caused great confusion and injustice in
administering the inheritance tax of this State,
and create an emergency. . . ."

The wife of a stepson is not a direct lineal descendant of
a stepson, nor is she included within any of the other groups enumerated
in the statute, and the title of the amending act of 1935 and the
emergency clause thereof show clearly that the legislature did not
intend to include her. The words "direct descendants" and "lineal
descendants" have clearly defined meanings in law. See Vol. 12, Words
& Phrases, p. 467; Vol. 25, Words & Phrases, p. 319. The Legislature
cannot be presumed to have meant otherwise in using these terms.

Article 7122, V. A. C. S., provides:

"If passing to or for the use of the United
States. . . . or to any other person. . . not in-
cluded in any of the classes mentioned in the pre-
ceding portions of the original Act. . . the tax
shall be: 5% on any value in excess of \$500 and
not exceeding \$10,000, 6% on any value in excess
of \$10,000 and not exceeding \$25,000 . . . ."

It is our opinion that the beneficiary in question is such
other person referred to in Article 7122 and is subject to the pro-

Honorable Geo. H. Sheppard, p. 3

visions thereof.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Arthur L. Moller*
Arthur L. Moller
Assistant

ALM:bb



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN